**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARROLL LEISTER; MARTHA JEAN
LEISTER; STUART LEISTER; PATRICIA
LEISTER,
<u>Plaintiffs-Appellants,</u>

v.

BLACK & DECKER (U.S.)

No. 96-1751

INCORPORATED,
<u>Defendant-Appellee,</u>

and

THE BLACK & DECKER CORPORATION,
a Maryland Corporation,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-94-2809-JFM)

Argued: June 4, 1997

Decided: July 8, 1997

Before WILKINSON, Chief Judge, and WILKINS
and HAMILTON, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Robert Anthony DiCicco, Towson, Maryland, for Appellants. Thomas E. Lynch, III, MILES & STOCKBRIDGE, P.C., Frederick, Maryland, for Appellee. **ON BRIEF:** Lydia B. Duff, Marian C. Hwang, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal presents two issues. The first is whether the district court properly granted summary judgment in favor of the defendant, Black & Decker (U.S.), Inc. (Black & Decker), and against the plaintiffs, Carroll, Martha Jean, Stewart, and Patricia Leister (the Leisters), on the Leisters' claim under § 6972(a)(1)(B) of the Resource Conservation Recovery Act (RCRA), 42 U.S.C. § 6901 et seq. The second is whether we have jurisdiction to consider the propriety of: (1) the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of the Leisters' claims under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., and the Clean Water Act, 33 U.S.C. § 1251 et seq.; and (2) the district court's dismissal, pursuant to 28 U.S.C. § 1367(c), of the Leisters' state common-law claims. For the reasons stated below, we affirm the district court's grant of summary judgment in favor of Black & Decker on the Leisters' RCRA claim under § 6972(a)(1)(B) and dismiss the portion of the Leisters' appeal challenging the dismissal of their remaining claims.

I

Black & Decker operates a manufacturing and distribution facility (the Property) on approximately 150 acres in Hampstead, Maryland. The Property adjoins the Leisters' 170-acre dairy farm.

2

From 1952 to 1987, Black & Decker's manufacturing process utilized certain hazardous substances, including trichloroethylene (TCE) and tetrachloroethylene (PCE). In April 1984, in response to a leak from a nearby gas station, the State of Maryland's Office of Environmental Programs (the OEP)[1] and the Carroll County Health Department investigated nearby groundwater conditions in Hampstead. This investigation revealed high levels of TCE and PCE in the Property's production wells, surface water, and soil. This investigation also detected the presence of PCE and TCE in the well supplying water to the Leisters' dairy barn.

In September 1984, Black & Decker entered into a consent order with the OEP requiring it to conduct a remedial investigation of the Property, prepare and submit to the OEP for approval a plan of remedial measures, and to conduct the remediation approved by the OEP. Subsequent investigations and remedial measures included: (1) analyses of hundreds of soil, surface water, soil gas, and sediment samples; (2) surface geophysical surveys; (3) construction and sampling of dozens of monitoring wells, piezometers, and extraction wells; (4) nine pumping tests; (5) groundwater flow modeling; and (6) extensive analyses of the findings of these efforts.

The investigative process led to a recommendation, now fully implemented, to create a hydraulic barrier by use of a series of wells designed to prevent migration of contaminants off the Property. Groundwater pumped into this system is first treated by an air stripper and then flows to the Property's waste water treatment ponds. In 1994, Black & Decker completed construction of an expanded groundwater recovery and treatment system which is now operating. Also of note, Black & Decker's soil remediation plan, which calls for the removal and treatment of certain areas of contaminated soil, is awaiting approval by the MDE.[2] Finally, beginning in 1987, Black &

_____

[1] Until 1987, authority for Maryland's environmental regulatory activities were vested in the OEP within the Department of Health and Mental Hygiene. In 1987, this authority was transferred to the newly created Maryland Department of the Environment (the MDE). See 1987 Md. Laws, Chapter 306.

[2] It is unclear from the record whether Black & Decker's remedial efforts to remove the hazardous waste from the Property have been

suc-
cessful.

Decker provided charcoal filtering water treatment for the Leisters' well supplying water to their dairy barn. Since the installation of the filtration system, the sampling results after filtration of the well water have shown that the level of organic compounds in the treated well water is below detectable levels.[3]

On October 11, 1994, the Leisters brought suit against Black & Decker, in the United States District Court for the District of Maryland, alleging that the presence of hazardous materials, including PCE and TCE, emanating from the Property had caused them personal injuries, property damage, and business losses. The Leisters sought to recover injunctive, declaratory, and monetary relief. The suit alleged claims under RCRA, CERCLA, the Clean Water Act, and several theories of state common-law liability, including strict liability, nuisance, negligence, intentional misrepresentation, and negligent misrepresentation.

On April 13, 1995, the district court: (1) dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Leisters' federal statutory claims, with the exception of the claim under § 6972(a)(1)(B) of RCRA; and (2) dismissed, pursuant to 28 U.S.C. § 1367(c), the Leisters' state common-law claims. After the close of the discovery period, Black & Decker moved for summary judgment on the remaining claim under § 6972(a)(1)(B) of RCRA. Black & Decker also filed a motion to strike the exhibits and affidavits submitted as part of the Leisters' response to Black & Decker's motion for summary judgment. On April 26, 1996, the district court granted Black & Decker's

---

[3] There is, however, evidence in the record on appeal that, prior to filtration, PCE is present in the well water at the Leisters' dairy barn at a rate of almost twice the acceptable level for drinking water. Furthermore, there is evidence of concentrations of TCE and PCE above acceptable drinking water levels in surface water on the Leisters' dairy farm. This evidence was included as part of the exhibits that the district court ruled were not properly authenticated when it granted Black & Decker's

motion to strike. <u>See infra</u> at 7 (noting that district court granted motion
to strike because the Leisters' exhibits were not properly authenticated).
We need not decide whether the district court correctly granted Black &
Decker's motion because the Leisters are not entitled to relief even if this
evidence is considered. <u>See infra</u> at 8-9.

4

motion to strike because the Leisters' exhibits were not properly authenticated and motion for summary judgment on the RCRA claim because the Leisters failed to establish that the presence of hazardous waste posed a "substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). The Leisters filed a notice of appeal challenging "all provisions and findings of the April 26, 1996 Memorandum and final Order of the United States District Court for the District of Maryland in the above entitled cause."

II

The Leisters contend that the district court erred when it granted summary judgment in favor of Black & Decker on their RCRA claim under 42 U.S.C. § 6972(a)(1)(B). We disagree.

RCRA's citizen-suit provision permits private citizens to commence a civil action:

> against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

42 U.S.C. § 6972(a)(1)(B). If this section of RCRA is violated, the district court is authorized, among other things,"to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste . . . , to order such person to take such other action as may be necessary, or both." 42 U.S.C. § 6972(a). Accordingly, a private citizen suing under § 6972(a)(1)(B) can "seek a mandatory injunction, i.e., one that orders a responsible party to `take action' by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, i.e., one that `restrains' a responsible party from further violating RCRA." Meghrig v. KFC Western, Inc., 116 S. Ct. 1251, 1254 (1996).

Section 6972(a)(1)(B) requires more than a showing that the hazardous waste may present an endangerment to health or the environ-

5

ment. Rather, the endangerment must be "imminent and substantial."
An endangerment is "imminent" if "it threaten[s] to occur immedi-
ately." <u>Id.</u> at 1255 (citation and internal quotes omitted); <u>see
also</u>
<u>Price v. United States Navy</u>, 39 F.3d 1011, 1019 (9th Cir. 1994)
("The
RCRA provision implies that there must be a threat which is present
<u>now</u>, although the impact of the threat may not be felt until
later.").
By definition, therefore, § 6972(a)(1)(B) excludes waste that no
lon-
ger presents a danger. <u>Meghrig</u>, 116 S. Ct. at 1255. Further, an
endan-
germent is "substantial" if it is serious. <u>Price</u>, 39 F.3d at 1019.

In this case, the Leisters have failed to establish that an
immediate
serious threat of harm is present on the Property or on their dairy
farm. Although the Leisters direct our attention to evidence that
TCE
and PCE are still present on the Property and on their dairy farm,
there is simply no evidence in the record--expert or otherwise--to
suggest that the presence of these substances poses a current
serious
threat of harm. Indeed, the Leisters' own evidence suggests that
drinking water from the Leisters' wells--the most direct pathway of
exposure--presents no threat to health because of filtration
systems.
In the absence of affirmative proof of an immediate serious threat
of
harm, the Leisters' RCRA claim under § 6972(a)(1)(B) must fail. To
hold otherwise would turn RCRA into a strict liability statute.
How-
ever, as the district court noted, "RCRA does not impose strict
liabil-
ity on polluters; instead, it requires a showing that hazardous
waste
presents a current threat of harm" to health or the environment. In
sum, the district court properly granted summary judgment in favor
of Black & Decker on the Leisters' claim under § 6972(a)(1)(B) of
RCRA.

III

Next, we address whether we have jurisdiction to consider the pro-
priety of the district court's April 13, 1995 dismissal of the
Leisters'
claims under CERCLA, the Clean Water Act, and several theories of
state common-law liability. This issue need not detain us long
because, as counsel for the Leisters' conceded at oral argument, we
do not have jurisdiction to review the propriety of the district
court's
April 13, 1995 dismissal of these claims.

In <u>Foster v. Tandy Corp.</u>, 828 F.2d 1052 (4th Cir. 1987), we held that a notice of appeal addressing only the granting of a post-trial

6

motion for judgment as a matter of law on one claim did not set out a basis for an appeal of the granting of a motion for judgment as a matter of law on another claim. Id. at 1059. The Foster decision comports with Federal Rule of Appellate Procedure 3(c) which states that the "notice of appeal must . . . designate the judgment, order, or part thereof appealed from . . . ." Under Foster, the Leisters' designation of the district court's April 26, 1996 order as the only order being appealed limits our appellate consideration to that order. Accordingly, we are without jurisdiction to entertain the district court's April 13, 1995 dismissal of the CERCLA, Clean Water Act, and state common-law claims.

IV

For the reasons stated herein, we affirm the district court's grant of summary judgment in favor of Black & Decker on the Leisters' RCRA claim under 42 U.S.C. § 6972(a)(1)(B) and dismiss the component of the Leisters' appeal challenging the dismissal of their remaining claims.

AFFIRMED IN PART AND DISMISSED IN PART

7